John D. Bennett, S.
A question has been raised whether the notices of election filed on behalf of Jonathan Michael Avnet, Rosalind Avnet Lazarus and Carole Avnet Roeherolle to contest the charitable dispositions pursuant to EPTL 5-3.3 have been properly served and filed as required by the said statute and the order of this court dated October 29, 1970.
The time to serve and file the notices of election was extended by the afore-mentioned order ‘1 to and including, the 13th day of February, 1971.” It appears that the notices were dated, duly executed and acknowledged respectively on the 5th, 9th and 9th days of February, 1971. By affidavit of service sworn to February 11, 1971 it appears that copies of the same were duly served upon the two executors by placing copies addressed to them in the mail. So much for the service.
This court was closed over the holiday weekend from February 11 to February 15, 1971, both inclusive. The attorneys for the contestants mailed the afore-mentioned notices and affidavit of service to this court for filing by depositing the same in the post office on February 11, 1971. This appears from the postmarked envelope. However, due to the holidays and weekend they were *808 not received by this court until February 16, 1971. The notices and affidavit were stamped ‘ ‘ filed ’ ’ on that date.
It is also noted that two of the acknowledgments were taken in the State of New York and one in the State" of Massachusetts, but no authentication certificate was attached to the latter one executed by Rosalind Avnet Lazarus. It is therefore not in proper form for recording in this jurisdiction. The question is raised first of all that the notices were not timely filed, and, secondly, that they should be recorded in order to comply with the statute.
The statute (EPTL 5-3.3, subd. [a], par. [5]) prescribes only that written notice of such election is to be served upon any personal representative “ in the manner prescribed by this article for the service of notice of election by a surviving spouse.” (italics supplied.) The only requirement is .that “ service ” be made in the manner prescribed by EPTL 5-1.1, but this does not extend the requirements to recording (or even to filing, for that matter). The court holds that these notices were duly and properly served, by virtue of section 20 of the General Construction Law, inasmuch as the court was closed from the 11th to the 15th of February, 1971. The court also holds that there is no requirement for recording, and the notices of election are accordingly proper and effective within the purview of EPTL 5-3.3, and they comply with the order of this court dated October 29, 1970.